(Decided March 26th, 1896).

## HENRY W. F. HEIDER *vs.* GEORGE W. BLADEN AND WIFE.

*Mortgage Sale—Filing the Mortgage Notes—Appeal from Order Vacating the Sale by the Purchaser.*

A foreclosure sale of mortgaged property, made under a power in the mortgage, will not be set aside merely because the mortgage notes were not filed in the proceedings, when no application was made for that purpose, and when the indebtedness on them and their ownership are not denied.

The purchaser of property at a mortgage sale has a right to appeal from an order vacating the sale.

Appeal from an order of the Circuit Court for Prince George's County (BROOKE, J.), sustaining the third exception filed to the ratification of a mortgage sale reported to the Court. The exceptions were as follows:

" The defendant above named excepts to the ratification of the sale reported in the above cause, for: 1st. There were no bidders at said sale but one, and the same should have been postponed. 2nd. The property was sold for a greatly inadequate price, it being worth at least $7,000, and

was offered at a hotel in Bladensburgh, when it should have been offered either on the premises or at the Court House door. 3rd. The power of sale granted in said mortgage was illegally exercised, greatly to the damage of the defendant. 4th. The defendant was taken by surprise and uninformed there would be an attempt to foreclose said mortgage, and was deceived in the premises by those interested in said mortgage, but for which he could and would have raised the debt therein."

The cause was argued before McSHERRY, C. J., BRYAN, FOWLER, BRISCOE and RUSSUM, JJ.

*R. B. B. Chew, Jr.*, for the appellant.

*Marion Duckett* and *James C. Rogers*, for the appellees.

BRYAN, J., delivered the opinion of the Court.

A tract of land in Prince's George's County was sold by public auction by the attorney named in a mortgage. The mortgage was made by George W. Bladen and wife to C. Bosley Littig, and by him assigned to Mrs. Hannah P. Littig. The land was sold under the authority of Article 66, section 6 of the Code. After it was reported to the Circuit Court, the mortgagors filed exceptions to its ratification. The Court sustained the third exception, which is in these words : "The power of sale granted in said mortgage was illegally exercised, greatly to the damage of the defendant." There were three other exceptions, but they were all overruled. The mortgage notes were not filed in the proceedings ; and the omission to file them was the ground for sustaining the third exception. In effect the ruling declared that this omission was an illegality which greatly damaged the defendant and made the sale void. The only preliminary requisite to a sale under this Article of the Code is set forth in the seventh section. It is there enacted that before the person duly authorized shall make any such sale, he shall give bond as provided in that section. Nothing else

is required to be done as a condition precedent to the sale. The ninth section is in these words: "All such sales shall be reported under oath to the Court having chancery jurisdiction where the sale is made, and there shall be the same proceedings on such report as if the same were made by a trustee under a decree of said Court, and the Court shall have full power to hear and determine any objection which may be filed against such sale, by any person interested in the property, and may confirm or set aside said sale." It was not denied that the mortgage was duly executed and recorded; nor that the mortgage notes were due and unpaid; nor was any objection made because they were not produced at the hearing of the objections to the ratification of the sale. That is to say, no exception was filed on any of these grounds. And yet the sale was reported in order that the Court might hear and determine any objections which might be filed against it by any person interested in the property. The evidence in the record leaves no doubt whatever that the mortgage and the mortgage notes are due and that they belong to Mrs. Littig. Mr. Tuck, the counsel for Mrs. Littig, the plaintiff, filed with his evidence a certified copy of the mortgage, which showed that it had been assigned to her. He testified that the mortgagor had never paid a cent of interest, and that the notes were in his hands for collection for his client. We cannot insist upon any condition of sale which the law has not made necessary; and we must therefore reverse the order which annulled this sale. The assignee of the mortgage notes succeeds to all the rights of the mortgagee, and is in reality and effect the holder of the mortgage. An exception alleging that the mortgage debt was not due to the party at whose instance the sale was made would necessarily bring out the evidence on the subject. Or on the application of any party in interest the Court would order the notes to be filed as a matter of obvious caution and justice. And in its discretion it might make the order of its own motion. But we cannot see the justice of setting aside a sale for the

reason that the notes are not filed, when no application was made for that purpose, when the amount due on them is not denied, and when the ownership is not questioned.    It would be particularly hard in a case like this, where the indebtedness and ownership are fully proved.    The docket entries inform us that the notes were filed in the Court below after the opinion of the Court below was delivered.    The other exceptions need not be particularly mentioned.    They have not been argued in this Court, and we think that they were properly overruled.    But if by reason of any exception presented to the Court below, this sale ought to be annulled, we should not reverse its order because it had assigned an erroneous reason for a correct judgment.

The appeal was taken by the purchaser.    He certainly had a right to protect the rights which he had acquired by his purchase.    The motion to dismiss is overruled.

> *Motion to dismiss the appeal overruled and order of the Court reversed with costs, and sale ratified and confirmed.*

(Decided March 26th, 1896).